**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

DAVID ABERNETHY, FRED BLICKMAN,  :
DOMINIC D'ADAMO, MARILYN DEQUATRO,  :
THOMAS DWYER, MICHAEL FULLWOOD,  :  Civil Action No. 17-cv-7814 (KPF)
PHILIP GANDOLFO, MICHAEL HERBERT,  :
STEVEN KESSLER, DENNIS LIOTTA, DANIEL  :
MCGOWAN, RONALD PLATT, ARAN RON,  :
VINCENT SCICCHITANO, JOHN STEBER,  :  **STIPULATED**
LESLIE STRASSBERG, PEDRO VILLALBA,  :  **CONFIDENTIALITY**
ANTHONY WATSON and MARC WOLFERT, on  :  **AGREEMENT AND PROTECTIVE**
behalf of themselves and all other similarly-situated  :  **ORDER**
individuals,  :
  :
                            Plaintiffs,  :
  :
            v.  :
  :
EMBLEMHEALTH, INC., EMBLEMHEALTH  :
SERVICES COMPANY, LLC and  :
CONNECTICARE, INC.,  :
  :
                            Defendants.  :
  :
---------------------------------------------------------------- X

KATHERINE POLK FAILLA, District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and

individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of

Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive

information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately

tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that the Parties to this action, their respective

officers, agents, servants, employees, and attorneys, any other person in active concert or

participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2.      The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

3.      Confidential Discovery Material includes not only the material defined in Paragraph 2, but also (1) any information copied or extracted from that material; (2) all copies, excerpts, summaries, or compilations of that material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Discovery Material. However, the protections conferred by this Order do not cover information that is in the public domain or becomes part of the public domain through no breach of this Order.

4.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5.      A Producing Party or its counsel may designate deposition exhibits or

portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 14 days after the final transcript of a deposition has been made available, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  Unless otherwise agreed to, during the time from the conclusion of the deposition until 14 days after the final transcript of the deposition has been made available, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

6.     If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing.  Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.  Upon receiving such notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise its reasonable efforts to (i) ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Order, and (iv) to ensure that any

such Discovery Material, and any information derived there from, is used solely for the purposes described in Paragraph 14 of this Order.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

7.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) an admission that any particular categories of documents or information are relevant to the case and/or discoverable; or (d) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

8.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person a Party retains or considers retaining to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

9.     Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(d), 8(f), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case (after a written request), whichever comes first.

10.     This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified.  The Court has not, however, made any finding regarding the

confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

11.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall comply with Rule 9 of the Court's Individual Rules of Practice in Civil Cases.

12.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

14.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.  Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having

jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     Pursuant to Fed. R. Evid. 502(d), the attorney-client privilege, work product protection, and/or any other privileges or immunities under New York or Federal law are not waived by any disclosure, whether inadvertent or otherwise, of Discovery Material connected with the litigation pending before this Court—in which event the disclosure is also not a waiver in any other federal or state proceeding.  For example, the mere production of privileged or work product-protected documents in this case as part of a mass production is not a waiver in this case or in any other proceeding.

18.     A party making a claim of inadvertent production of Discovery Material protected by attorney-client privilege, work product, and/or any other privileges or immunities under New York or Federal law is entitled to the return of such Discovery Material upon demand without a showing of good cause, or that the Discovery Material qualifies as an "Inadvertent Disclosure" under Fed. R. Evid. 502(b).

19.     If a demand for return of such Discovery Material is made in writing, pursuant to this Order, with respect to such Discovery Material then in the custody of another Party, the Party possessing such Discovery Material shall: (i) immediately refrain from further

examination or disclosure of the Discovery Material; and (ii) within five (5) business days of

receipt of the demand, return the Discovery Material and all copies thereof (including summaries

and excerpts) to counsel for the Producing Party, or confirm in writing the destruction of all such

Discovery Material (including summaries and excerpts).

20.     This Stipulation does not preclude a Party from voluntarily waiving the

attorney-client privilege or work product protection with respect to any particular Discovery

Material.

21.     Within 60 days of the final disposition of this action – including all

appeals – all recipients of Confidential Discovery Material must either make a good faith and

reasonable effort to return it – including all copies thereof – to the Producing Party (if requested

in writing), or otherwise make a good faith and reasonable effort to destroy such material –

including all copies thereof.  In either event, by the 60-day deadline, the recipient must represent

that fact in writing to counsel for the Producing Party.  Notwithstanding this provision, the

attorneys that the Parties have specifically retained for this action may retain an archival copy of

all pleadings, motion papers, transcripts, expert reports, exhibits, legal memoranda,

correspondence, attorney work product, or any other documents required to be retained in order

to comply with their professional legal responsibilities, even if such materials contain

Confidential Discovery Material.  Any such archival copies that contain or constitute

Confidential Discovery Material remain subject to this Order.

22.     In the event additional Parties join or are joined in this litigation, they shall

not have access to Confidential Discovery Material until the newly joined Party by its counsel

agrees to be fully bound by this Order.

23.     The Parties agree that the production of any Discovery material by any

8

non-Party shall be subject to and governed by the terms of this Order.  Any non-Party who is

also a Producing Party shall have the benefit of this Order, and shall be entitled to enforce its

terms, if such non-Party agrees to be bound hereby.

24.    This Order will survive the termination of the litigation and will continue

to be binding upon all persons subject to this Order to whom Confidential Discovery Material is

produced or disclosed.

25.    This Court will retain jurisdiction over all persons subject to this Order to

the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any

contempt thereof.

SO STIPULATED AND AGREED.

**WIGDOR LLP**                                   **GROOM LAW GROUP, CHARTERED**

By:   /s/ Bryan L. Arbeit                         By:   /s/ Mark C. Nielsen
      Douglas H. Wigdor                                  Mark C. Nielsen (MN4214)
      Parisis G. Filiappatos                             Edward J. Meehan (*pro hac vice*)
      Renan F. Varghese                                  Sarah M. Humble (*pro hac vice*)
      Bryan L. Arbeit
                                                  1701 Pennsylvania Avenue, N.W., Suite 1200
85 Fifth Avenue, 5th Floor                        Washington, DC 20006
New York, New York 10003                          Telephone:  (202) 861-5429
Telephone: (212) 257-6800                         Telecopier: (202) 659-4503
Facsimile: (212) 257-6845                         mnielsen@groom.com
dwigdor@wigdorlaw.com                             emeehan@groom.com
pfiliapattos@wigdorlaw.com                        shumble@groom.com
rvarghese@wigdorlaw.com
barbeit@wigdorlaw.com                             *Attorneys for Defendants*

*Attorneys for Plaintiffs and the Putative*
*Contract Class*

Dated: May 27, 2020                    Dated: May 27, 2020

This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party wishing
to make redacted or sealed submissions shall comply with Rule 6(A) of
this Court's Individual Rules of Civil Procedure.

Dated:    May 28, 2020              SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

<u>Exhibit A</u>
to Stipulated Confidentiality
Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X

DAVID ABERNETHY, FRED BLICKMAN,                 :
DOMINIC D'ADAMO, MARILYN DEQUATRO,         :
THOMAS DWYER, MICHAEL FULLWOOD,            :        Civil Action No. 17-cv-7814 (KPF)
PHILIP GANDOLFO, MICHAEL HERBERT,            :
STEVEN KESSLER, DENNIS LIOTTA, DANIEL        :
MCGOWAN, RONALD PLATT, ARAN RON,            :
VINCENT SCICCHITANO, JOHN STEBER,             :        **<u>NON-DISCLOSURE AGREEMENT</u>**
LESLIE STRASSBERG, PEDRO VILLALBA,            :
ANTHONY WATSON and MARC WOLFERT, on      :
behalf of themselves and all other similarly-situated    :
individuals,                                                                 :
                                                                                  :
                                 Plaintiffs,                                   :
                                                                                  :
                 v.                                                              :
                                                                                  :
EMBLEMHEALTH, INC., EMBLEMHEALTH         :
SERVICES COMPANY, LLC and                              :
CONNECTICARE, INC.,                                          :
                                                                                  :
                                 Defendants.                                 :
                                                                                  :

------------------------------------------------------------- X

I, _____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential. I agree that I will not disclose

such Confidential Discovery Material to anyone other than for purposes of this litigation and that

at the conclusion of the litigation I will return all discovery information to the Party or attorney

from whom I received it upon written request, or otherwise destroy such information.  By

acknowledging these obligations under the Protective Order, I understand that I am submitting

myself to the jurisdiction of the United States District Court for the Southern District of New

York for the purpose of any issue or dispute arising hereunder and that my willful violation of

any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Dated: