UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID ABERNATHY, *et al.*,

                Plaintiffs,

     -v.-

EMBLEMHEALTH, INC., *et al.*,

                Defendants.

17 Civ. 7814 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On May 7, 2020, the Court entered an Order denying Plaintiffs' application to make an untimely demand for a jury trial. (Dkt. #54). On May 21, 2020, Plaintiffs filed a motion for reconsideration of that Order. (Dkt. #57, 58). On June 5, 2020, Defendants filed their opposition papers. (Dkt. #67). The motion was fully briefed when Plaintiffs filed their reply papers in further support of their motion for reconsideration on June 19, 2020. (Dkt. #75). For the reasons that follow, Plaintiffs' motion is denied.

    The Second Circuit has made clear that motions for reconsideration are to be denied except where "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation

omitted). A motion for reconsideration is, of course, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Stone* v. *Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (observing that a motion for reconsideration "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced" (internal quotations and citations omitted)).

Plaintiffs do not point to any change in controlling law or new evidence that would counsel in favor of granting their motion to dismiss. (Dkt. #57, 75). Instead, Plaintiffs argue that the Court's analysis was erroneous. For the most part, Plaintiffs' arguments are mere retreads of those offered in support of their initial application to make an untimely demand for a jury trial. (Dkt. #51, 53). But the repetition of old arguments cannot present a proper ground on which to grant a motion for reconsideration. *See Analytical Surveys, Inc.*, 684 F.3d at 52. Nor does the Court find these arguments more convincing the second time around. Indeed, Plaintiffs' motion papers only serve to confirm the Court's conclusion that Plaintiffs knowingly and intentionally removed their jury demand from the Amended Complaint filed on February 12, 2018, and thus knowingly and intentionally waived their right to a jury trial. (Dkt. #23). That Plaintiffs did not anticipate that their ERISA claims would be dismissed while

their breach of contract claims would survive is of no importance: The waiver itself was informed, intentional, and strategic, even if it was not made with prescience of the Second Circuit's October 21, 2019 Opinion. (Dkt. #41).[1] This Court joined the ranks of its sister courts, which declined to permit an untimely jury demand pursuant to Federal Rule of Civil Procedure 39(b) where the plaintiff made a conscious decision to waive the right to make a timely demand for a jury trial (Dkt. #54 at 3 (citing *Jones* v. *Hirschfield*, No. 01 Civ. 7585 (PKL), 2003 WL 21415323, at *6 (S.D.N.Y. June 19, 2003)),[2] and determined that the equities would not favor granting an untimely jury demand pursuant to Rules 6 or 15(a)(2)[3] where Plaintiffs had knowingly waived a timely

---

[1] Plaintiffs continue to contest that their waiver of a right to a jury trial was strategic. The Court is unmoved. Plaintiffs were aware that if they proceeded with a jury demand, they would face a motion to strike from the Defendants. (Dkt. #16 at 19-20 n.11). Plaintiffs made a strategic decision to waive their jury demand and avoid this motion practice, based on their belief that it would be "unlikely" that their ERISA claims would be dismissed while their breach of contract claim would be allowed to proceed forward. (Dkt. #58 at 2).

[2] Even if the Court were to apply the three-factor test that Plaintiffs urge is appropriate pursuant to *Higgins* v. *Boeing Co.*, 526 F.2d 1004 (2d Cir. 1975), it would not reach a different result. Though the remaining cause of action is triable by a jury, the parties proceeded on the assumption that it would not be tried by a jury for a period of many months, and the Court credits Defendants' arguments that they would be prejudiced if Plaintiffs were permitted to make an untimely demand for a jury trial.

[3] Plaintiffs claim that the Court "side-step[ped]" Plaintiffs' arguments presented under Federal Rule of Civil Procedure 15(a)(2). (Dkt. #58 at 15). Not so. The Court noted that "[i]t is not clear to the Court that Rule 15(a)(2) is applicable here, where a separate rule, Rule 39(b), expressly addresses the Court's ability to order trial by jury absent a timely jury demand. (Dkt. #54 at 4 (citing *Lawrence* v. *Con-Way Freight, Inc.*, No. 2:12 Civ. 2392, 2012 WL 5330984, at *2 (S.D.W.Va. Oct. 29, 2012)). And Plaintiffs' citation to an Eighth Circuit case published in 1975 does not clearly establish that Rule 15(a)(2) is applicable in such instances. (Dkt. #58 at 15 (citing *First Wisconsin Nat. Bank of Rice Lake* v. *Klapmeier*, 526 F.2d 77, 80 n.5 (8th Cir. 1975))). But the Court went on to note that, even if Rule 15(a)(2) did apply here, it would not counsel in favor of permitting Plaintiffs to make an untimely jury demand. (Dkt. #54 at 6).

demand. Plaintiffs have not offered any compelling reason for the Court to reconsider that decision.[4]

Plaintiffs are also incorrect in their arguments that the Court "overlooked Plaintiffs' substantive and constitutional right to a jury trial." (Dkt. #58 at 15). The Court explicitly noted that Plaintiffs had the right to demand a jury trial as to their state-law claims. (Dkt. #54 at 3). Plaintiffs knowingly and intentionally waived that right. Thus, the Court has not "deprived Plaintiffs of a substantive and constitutional right" (Dkt. #58 at 16); rather, it has recognized Plaintiffs' decision to forego that right. And, as Plaintiffs acknowledge in invoking the Federal Rules of Civil Procedure, federal procedural law applies in this action, over which the Court exercises supplemental jurisdiction. *See, e.g.*, *Pop Bar, LLC* v. *Fellows*, No. 12 Civ. 6647 (TPG), 2013 WL 4446227, at *6 (S.D.N.Y. Aug. 19, 2013) ("Federal courts sitting in diversity or exercising supplemental jurisdiction apply state substantive law and federal procedural law."). For the reasons stated in the Court's May 7, 2020 Order, Plaintiffs have not demonstrated that they are entitled to make an untimely jury demand under federal procedural law.

Finally, the Court addresses an argument that Plaintiffs referenced in their initial papers but have more squarely presented in their motion for reconsideration: Plaintiffs' removal of the jury demand from their Amended Complaint did not waive the right because Rule 39(a) provides that, where a

---

[4] Further, the Court remains unconvinced by Plaintiffs' rehashed arguments that Defendants would not suffer prejudice if the Court were to permit an untimely jury demand. (Dkt. #54 at 6-7).

4

jury trial has been demanded, a jury trial must occur unless the parties file a stipulation to a nonjury trial. (Dkt. #58 at 5). The Second Circuit has made plain that "the right to jury trial may be waived by conduct of the parties." *Royal Am. Managers, Inc.* v. *IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989). And Plaintiffs' strategy of removing the jury trial demand from their Amended Complaint, which Plaintiffs concede was intended to allow the matter to proceed without a jury trial, constitutes such a waiver of that right.

For these reasons, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion pending at docket entry 57.

SO ORDERED.

Dated:    July 1, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge